THOMAS M. ATTAWAY v. HUBBARD CARTER ET AL.

(Case No. 860.)

1. PLEADINGS — PETITION. — While a petition may be very loosely drawn, and might be much improved upon in definiteness and fullness of statements, yet if it contain averments which set out a good cause of action, with prayer for appropriate relief, it is error to sustain a demurrer thereto.

2. LIS PENDENS — VENDOR'S LIEN. — If the holder of a purchase money note for land sue to foreclose before an adverse claimant had any legal title to the land of which the holder had notice, the purchaser at such foreclosure sale will be entitled to recover the land.

3. PURCHASER WITH NOTICE. — Land in the hands of a purchaser, who buys with knowledge that the purchase money had not been paid, is subject to a lien for its payment.

4. PURCHASER SUBROGATED TO RIGHTS OF PLAINTIFF. — The purchaser of land at a foreclosure sale is subrogated to all the rights the plaintiff in the foreclosure proceedings had at the institution of the suit.

5. VENDOR'S LIEN — PART OF SURVEY BOUND ONLY IN PROPORTION. — Where a note is given for the purchase money of a survey of land, a subdivision thereof in the hands of a subsequent vendee is only bound for such proportion of unpaid purchase money as the value of the subdivision bears to the value of the entire survey.

6. WAIVER OF VENDOR'S LIEN — ESTOPPEL. — If the payee of a vendor's lien note agrees, for a valuable consideration, by parol or otherwise, with the purchaser of the land, to waive his lien, such purchaser will hold the land free from the lien, even if the note were held by one who knew nothing of the agreement, unless the lien was reserved specially in the deed, in which case knowledge must be brought home to the holder. But if the purchaser stood by and permitted his vendor to sell the note to the holder without disclosing the fact of the waiver, he would be estopped from setting up the release against the holder.

APPEAL from Rusk. Tried below before the Hon. A. J. Booty.

On the 14th of March, 1874, Attaway brought suit against Carter (trespass to try title) for the recovery of a tract of one hundred and fifty-nine acres of land in Rusk county.

At the May term thereafter Garrison made himself party defendant as Carter's landlord.

Defendants filed a general denial, pleaded "not guilty," alleged title to the land, and that they had been in possession more than three years.

Attaway, by amended petition filed 9th January, 1878, set up how he had acquired title to the land, and alleged, in substance, that Mrs. Easley, the former owner of the land, sold it on 15th January, 1867, to one George C. Keys, who gave her his note, payable 15th November, 1867, for nine bales of lint cotton, in part of the consideration for said land and other land of which this tract is a part; that Mrs. Easley assigned said note to B. C. H. Johnson, who brought suit thereon against Keys, and on 12th December, 1871, recovered judgment for $495.82; that upon said judgment, Keys having died, judgment was again rendered against Mrs. Keys, his widow and sole heir, and that at a sale under said judgment he bought the land for $338.25 on the 4th November, 1873, and paid the money on it.

He avers that the note was a lien upon the land, and that Carter and Garrison knew it, and that it never had been paid, long before they acquired any interest in the land; that they combined with Geo. Keys to defraud Mrs. Easley and Johnson out of the purchase money of the land, and were not purchasers in good faith. He avers that the land claimed by defendants is "the most valuable portion of the land, and that the remainder is insufficient to satisfy the plaintiff's demand." And he concludes with a prayer for general relief, and judgment as in his original petition, "and in the event this court shall decide that plaintiff is not entitled to recover the said land, that the land be sold to enforce his lien thereon which he may have acquired by said purchase of said land." To this amended petition the de-

fendants filed a general demurrer with special exceptions. Both parties filed repeated amendments, which in the view we take of the case it is not now necessary to notice.

The case was submitted to the judge, both parties waiving a jury, and upon the trial the court sustained the general demurrer of the defendants to this amended petition, and the case proceeded upon the issues remaining, involving only the legal title to the land, and the defendants had judgment, from which Attaway has appealed.

*James H. Jones,* for appellant.

*Morris & Gould* and *Drury Field,* for appellees.

QUINAN, J.— The first error assigned is the action of the court in sustaining this demurrer.

The special exceptions relate to mere matter of form, and we do not think are well taken.

The amended petition is certainly very loosely drawn. It might be very much improved both in definiteness and fullness of statement; but it contains the averments of which we have given the substance, and these we think set out a good cause of action and pray the appropriate relief. Carter *v.* Attaway, 46 Tex., 109. We are of opinion that the court erred in sustaining the defendants' demurrer, and for this error the judgment must be reversed.

As the case will be remanded for a new trial, and as it has already been twice here on appeal, and it is fit there should be some time an end of the controversy, we think it proper that we should indicate our opinion briefly upon the most material questions of law involved in it and which are likely to arise upon the trial. These questions have been exhibited in the voluminous pleadings in the case, and have been presented to us in the assignments of error, in the briefs of counsel and in the argument before us.

1. If, then, when Johnson instituted his suit against Keys upon the purchase money note and for the foreclosure of its lien, the defendants had no legal title to the land of which Johnson had any knowledge, actual or constructive, and that

the note had a lien, and Attaway purchased the land and paid for it, he would be entitled to a recovery of the land in this suit.

2. If the defendants purchased the land with knowledge that the purchase money had not been paid, the land in their hands would be subject to a lien for its payment.

3. If Attaway purchased the land under the Johnson judgment, he was thereby subrogated to whatever rights Johnson had at the institution of the suit, for the enforcement of his lien against it, and if in fact there was a lien for the unpaid purchase money, with knowledge of which defendants were chargeable, he would be entitled to enforce the same against the land claimed by defendants to the extent of the money he had paid for the land and interest.

4. If the note upon which the Johnson judgment is based was given for this tract and a larger tract, Attaway would only be entitled to hold the land claimed by defendants bound for such proportion of the money as he had paid and interest, as the value of their land bore to the value of the whole tract. That proportion we think could be ascertained by the court or jury trying the cause, or a resale of the whole land might be decreed upon making proper parties. Peters v. Clements, decided at this term.

If, before the assignment of the purchase money note by Mr. Easley to Johnson, Mrs. Easley, for a valuable consideration, agreed with Garrison, by parol or otherwise, to waive the lien of the note upon the land claimed by Garrison, or Garrison and Carter, then the defendants would hold the land free of any lien, and this whether Johnson knew of said agreement or not, unless, indeed, the lien was reserved specially in the deed from Mrs. Easley to Keys, in which case knowledge of the release must be brought home to Johnson. Hood v. De Cordova, 17 Wall., 1.

But if, when Johnson traded with Mrs. Easley for the note, he did so under the belief that it had a valid subsisting lien upon the land, and that Garrison knew this and stood by, or encouraged him to trade for the note, without disclosing to him the fact of such release, Garrison would be

estopped from setting up such release of the lien against Johnson or Attaway.    Burleson v. Burleson, 28 Tex., 415.

5. We do not think the point made upon the certificate of the officer taking the acknowledgment of the deed from Keys to Garrison, in writing 1868 for 1867, where the mistake is corrected by the statement that the acknowledgment is of the above deed, appended to the deed itself, is worthy of serious consideration.    Nor do we think that the mistake of "Joseph Easley" for "Joseph English" in that deed would render it void for uncertainty, when by many other calls in the deed the land conveyed can be identified.    These questions seem to have been decided upon the former appeal. Kingston v. Pickins, 46 Tex., 101; Berry v. Wright, 14 Tex., 273.

It will of course be necessary to amend the pleadings in this case in accordance with the views we have expressed, and specifically asking the desired relief.

We conclude that the judgment be reversed and the case remanded.

REVERSED AND REMANDED.

[Opinion delivered November 29, 1879.]